**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40110
Summary Calendar

JUNIOR LEE HILL,

Plaintiff - Appellant-Cross-Appellee,

versus

STATE FARM LLOYDS, A Lloyds Company,

Defendant - Appellee-Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
(No. G-01-CV-632)

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case concerns a dispute over a homeowner's insurance claim that plumbing

leaks caused damage to the foundation of his home.  The policy holder, Junior Lee Hill

("Hill"), appeals a jury verdict against him on two grounds: (1) that the district court did

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

not properly charge the jury; and (2) that the jury findings were contradictory. Because Hill has failed to meet the standard for challenging a jury verdict, and because the jury findings were consistent, we affirm the judgment of the district court.

## I. FACTS AND PROCEEDINGS:

In October 1998, Hill renewed his homeowner's insurance coverage with State Farm Lloyds ("State Farm"). The policy was a Texas Standard Homeowner's Policy—Form B ("Form B"), and contained two sections of coverage: one for the physical dwelling, and one for personal property. The dwelling section insured "against all risks of physical loss to the property . . . ." However, in an exclusion section of the policy, loss "caused by settling, cracking, bulging, shrinkage, or expansion of foundations . . . " was excluded from coverage. The personal property section stated an exception to this exclusion, covering loss caused by leaks or overflow from within a plumbing system.

During the period that State Farm insured Hill's home, the foundation of his home settled into the ground, causing substantial damage to the structure. Also during that the insured period, Hill's home sustained plumbing leaks. Hill sought payment for these damages from State Farm, but State Farm denied his claim. Hill then filed suit in Texas state court, and State Farm removed to federal court under diversity jurisdiction. Hill argued to a jury that the plumbing leaks caused the foundation to settle, and consequently, the policy covered the damaged dwelling. State Farm argued that the settling was caused by conditions excluded from coverage—not the plumbing leaks.

Prior to deliberations, the court instructed the jury as follows:

2

In this case the Plaintiff claims that the damages to his home were caused in whole, or in part, by plumbing leaks; the Plaintiff has the burden to prove this claim by a preponderance of the evidence. You are hereby instructed that damages which result from plumbing leaks are covered by the insurance policy issued by State Farm Lloyds.

The Defendant denies that the damages to Plaintiff's home were caused in whole, or in part, by plumbing leaks. Rather, the Defendant claims that the damages were caused in whole, or in part, by other factors which are excluded from coverage under the terms of the insurance policy. The Defendant has the burden to prove, by a preponderance of the evidence, that the Plaintiff's damages are excluded from coverage.

The jury answered two questions in determining State Farm's liability to Hill. The first question was, "Did a plumbing leak or leaks cause any or all of the damage to Plaintiff Junior Hill's home?" The jury answered the question, "No." The second question was an inquiry into the amount of money, if any, that would compensate Hill for the costs of tearing out and replacing the parts of his home necessary to repair his plumbing system. The jury answered this question: $5,575. The court then denied Hill's claim for foundation damages and ordered State Farm to pay Hill the amount.

Hill appeals this judgment on the grounds that the jury instructions were erroneous, and that the two jury answers contradict each other.

## II. STANDARD OF REVIEW

This Court reviews challenges to jury instructions for abuse of discretion, and will reverse a judgment only if the charge as a whole "creates substantial and ineradicable doubt [as to] whether the jury has been properly guided in its deliberations." FDIC v. Mijalis, 15 F.3d 1314, 1318-19 (5th Cir. 1994) (internal citations omitted); see also C.P.

3

Interests, Inc. v. California Pools, Inc., 238 F.3d 690 (5th Cir. 2001).

Hill also challenges the district court's judgment on the grounds that the court wrongly applied the law because the jury findings are contradictory. To determine whether a district court properly applied the law in entering its final judgment, this Court reviews conclusions of law de novo. Stine v. Marathon Oil Co., 976 F.2d 254, 259 (5th Cir. 1992).

## III. DISCUSSION

A. Jury Instruction Challenge

In challenging the jury instructions, Hill relies heavily on Balandran v. Safeco Ins. Co., 972 S.W.2d 738 (Tex. 1998). In Balandran, the Texas Supreme Court held that "Form B covers damage to the insured's dwelling from foundation movement caused by an underground plumbing leak." Id. at 739 (emphasis added). The court held that the plumbing leak exception to the excluded coverage section also applies to the physical dwelling section of Form B. Id. at 742. Despite the fact that the exception is written in the personal property section, Form B covers damage to the dwelling caused by plumbing leaks. Id.

Based on this holding, Hill argues that the district court failed to provide reasonable instruction in the jury charge regarding the fact that plumbing leaks are covered losses. This argument is puzzling. The district court explicitly explained the Balandrin principle to the jury as follows: "You are hereby instructed that damages which result from plumbing leaks are covered by the insurance policy issued by State Farm Lloyds."

4

Nevertheless, Hill argues that the court led the jury to believe that the exclusion section applied to damage caused by plumbing leaks. He claims that in explaining State Farm's burden of proof with respect to the exclusions, the court failed to state that the exclusions did not apply to the plumbing leak damage.

Hill's argument is insufficient to show that the court's charge resulted in "substantial and ineradicable doubt [as to] whether the jury ha[d] been properly guided in its deliberations." Mijalis, 15 F.3d at 1318. In explaining State Farm's burden of proof to the jury, the court stated that State Farm was denying "that the damages . . . were caused . . . by plumbing leaks." Following that sentence, the court further explained that State Farm was arguing that the damages were caused by "other factors which are excluded from coverage under the terms of the insurance policy." (emphasis added). These two statements make clear that plumbing leaks were not excluded from coverage.

The only other sentence that the court stated when it explained State Farm's exclusionary argument was that State Farm had "the burden to prove . . . that the Plaintiff's damages are excluded from coverage." Viewed alone, this sentence could conceivably mean that the plumbing leaks were subject to the policy exclusions. However, the context of the prior cited sentences clarifies that in referring to the damages excluded from coverage, the court was referring to factors other than plumbing leaks. The only way to construe this sentence, then, is that plumbing leaks are not excluded from coverage. The ambiguity that Hill asserts does not rise to the level of "substantial and ineradicable doubt". Mijalis, 15 F.3d 1314 at 1318.

5

B. Inconsistent Jury Findings

Hill contends that the jury returned a contradictory verdict in finding both that (1) the plumbing leaks beneath the structure did not cause "the damage" to his home, and (2) State Farm owed Hill money for the costs of tearing out parts of his home to access the leaky plumbing system. Hill argues that if a plumbing system has leaks, it must have damaged the home; so it must have caused "the damage".

The entire dispute in this trial, however, was over the cause of the foundational damage. In the context of this trial, "the damage" signified the defects resulting from the foundation settling. Neither the fact that the plumbing system had leaks, nor the fact that Hill would incur costs in accessing those leaks, imply that those leaks caused the disputed foundational damage to his home. The findings are not contradictory; the judgment is valid.[1]

C. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1] Because we affirm the judgment, we do not reach the issues raised by State Farm's cross-appeal.